IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SUSAN MORGANS | ) <br> ) <br> ) Civil Action No. |
| Plaintiff, | ) <br> ) |
| v. | ) <br> ) |
| J.C. CHRISTENSEN & ASSOCIATES, INC. | ) <br> ) <br> ) |
| Defendant. | ) <br> ) <br> ) |

## COMPLAINT

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereafter the "FDCPA"), the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.1 *et seq.* (hereafter the "FCEUA"), constituting unfair and deceptive acts and practices under the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1, *et seq.*, the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq.* (hereafter the "TCPA"), and other common law claims. These laws prohibit debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

**PARTIES**

4. Plaintiff Susan Morgans is an adult individual residing at 61 South Hancock Street, Wilkes-Barre Pennsylvania 18702.

5. Defendant J.C. Christensen & Associates, Inc., is a business entity with its principal office located at 200 14th Avenue E, Sartell Minnesota 56377. The principal purpose of Defendant is the collection of debts already in default using the mails and telephone, and Defendant regularly attempts to collect said debts.

**FACTUAL ALLEGATIONS**

6. At all pertinent times hereto, Defendant was collecting a debt owed by Plaintiff's daughter and for which Plaintiff has no responsibility (hereafter the "debt").

7. The alleged debt at issue arose out of a transaction which was primarily for personal, family or household purposes.

8. At all times material and relevant hereto, Plaintiff did not owe the debt to Defendant and has never owed a debt to Defendant.

9. Notwithstanding the above, Defendant has been calling Plaintiff despite Plaintiff having repeatedly advised Defendant that her daughter does not live with her.

10. In or around mid-2009, Plaintiff even wrote and sent to the Defendant a cease and desist letter requesting that Defendant discontinue any further contact.

11. Notwithstanding the above, Defendant resumed calling Plaintiff in or around January 2010. Plaintiff estimates receiving calls from Defendant multiple times per week through the present.

12. Notwithstanding the above, Defendant has called Plaintiff's telephone number using artificial and/or prerecorded voice technology to coerce payment of the debt, with the

intent to annoy, abuse or harass Plaintiff. By way of example, Defendant has made such calls to Plaintiff's telephone number on the following dates: July 22nd, 2010 (at 1:34 P.M.), July 24th (at 10:23 A.M., 12:31 P.M., and 4:39 P.M.), July 26th (at 2:33 P.M., 7:30 P.M., and 7:38 P.M.), July 27th (at 2:17 P.M.), July 28th (at 9:12 A.M. and 3:45 P.M.), July 29th (at 5:11 P.M.), July 30th (at 5:50 P.M.), August 2nd (at 10:37 A.M.), August 3rd (at 12:23 P.M.), August 4th (at 10:55 A.M.), August 5th (at 10:46 A.M.), August 6th (at 11:23 A.M.), August 7th (at 10:16 A.M.), August 9th (at 12:10 P.M.), August 10th (at 11:15 A.M. and 7:21 P.M.), August 11th (at 11:57 A.M.), August 12th (at 10:27 A.M.), August 13th (at 11:21 A.M. and 2:45 P.M.), August 14th (at 10:00 A.M. and 11:41 A.M.), August 17th (at 11:38 A.M.), August 18th (at 11:25 A.M.), August 19th (at 4:32 P.M.), August 20th (at 10:57 A.M.), August 23rd (at 2:19 P.M. and 4:55 P.M.), August 24th (at 9:54 A.M.), August 25th (at 11:12 A.M.), August 26th (at 1:44 P.M.), August 27th (at 9:34 A.M. and 1:33 P.M.), August 30th (at 10:07 A.M.), August 31st (at 1:24 P.M.), September 1st (at 1:56 P.M.), September 2nd (at 1:31 P.M.), September 3rd (at 2:39 P.M.), September 4th (at 12:41 P.M.), and September 6th (at 1:20 P.M.).

13.   Each time Defendant called a pre-recorded message was left stating, "You have an important message from J.C. Christensen & Associates. This is a call from a debt collector."

14.   Defendant acted in a false, deceptive, misleading and unfair manner by communicating with persons other that the debtor on more than one occasion.

15.   Defendant acted in a false, deceptive, misleading and unfair manner by communicating with persons other than the debtor for purposes other than acquiring location information.

16. Defendant acted in a false, deceptive, misleading and unfair manner by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number.

17. Defendant acted in a false, deceptive, misleading and unfair manner by continuing to communicate, on multiple occasions, with Plaintiff after Plaintiff notified Defendant in writing that she wished Defendant to cease further communication.

18. Defendant acted in a false, deceptive, misleading and unfair manner by engaging in conduct the natural consequence of which is to harass, oppress, or abuse such person in connection with the collection of a debt.

19. Defendant acted in a false, deceptive, misleading and unfair manner by using unfair or unconscionable means to collect or attempt to collect any debt.

20. Defendant knew or should have known that their actions violated the FDCPA, the FCEUA and TCPA. Additionally, Defendant could have taken the steps necessary to bring their agent's actions within compliance with the FDCPA, FCEUA and the TCPA, but neglected to do so and failed to adequately review those actions to insure compliance with said laws.

21. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

22. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

23. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to injury to Plaintiff's reputation, invasion of privacy, damage to

Plaintiff's credit, out-of-pocket expenses, emotional and mental pain and anguish, embarrassment, humiliation, damage to reputation and pecuniary loss and will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

## **COUNT I - VIOLATIONS OF THE FDCPA**

24.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

25.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

26.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

27.     The above contacts between Defendant and Plaintiff were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

28.     Defendant violated the FDCPA.  Defendant's violations include, but are not limited to, violations of 15 U.S.C. §§ 1692b, 1692b(2), 1692b(3), 1692c(b), 1692(d), 1692d(5), 1692e, 1692e(10) and, 1692f, as evidenced by the following conduct:

   (a)     Communicating with persons other than the debtor for purposes other than acquiring location information;

   (b)     Disclosing the debt to the non-debtor;

   (c)     Communicating with any persons other than the debtor;

   (d)     Communicating with persons other than the debtor on more than one occasion;

   (e)     Communicating with Plaintiff after being notified in writing that she wished the Defendant to cease further communication;

      (f)      Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number;

      (g)      Engaging in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt; and

      (h)      Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect the alleged debt from Plaintiff.

29. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the alleged debt.

30. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

## COUNT II – VIOLATIONS OF THE FCEUA AND UTPCPL

31. Plaintiff incorporates the foregoing paragraph as though the same were set forth at length herein.

32. Defendant is a "debt collector" as defined by 73 P.S. § 2271.3 of the FCEUA.

33. Plaintiff is a "debtor" as defined by 73 P.S. § 2271.3 of the FCEUA.

34. The above contacts by Defendant are "communications" relating to a "debt" as defined by 73 P.S. § 2271.3 of the FCEUA.

35. Defendant engaged in unfair methods of competition and unfair or deceptive acts or practices, as defined by the UTPCPL, by attempting to collect the debt in violation of the

FCEUA. Defendant's violations of the FCEUA and UTPCPL include, but are not limited to, violations of 73 P.S. § 2270.4(a), as evidenced by the following conduct:

    (a) Communicating with persons other than the debtor for purposes other than acquiring location information;

    (b) Disclosing the debt to the non-debtor;

    (c) Communicating with any person other than the debtor;

    (d) Communicating with any persons other than the debtor on more than one occasion;

    (e) Communicating with Plaintiff after being notified in writing that she wished the Defendant to cease further communication;

    (f) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number

    (g) Engaging in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt; and

    (h) Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect the alleged debt from Plaintiff.

36.     Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the debt.

37. As a result of the above violations of the FCEUA and UTPCPL, Plaintiff has suffered ascertainable losses entitling Plaintiff to an award of statutory, actual and treble damages and attorney's fees and costs.

### COUNT III – VIOLATION OF THE TCPA

38. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

39. At all times relevant hereto, Defendant used, controlled and/or operated "automatic telephone dialing systems" as defined by §227(a)(1) of the TCPA.

40. Defendant initiated at least thirty three (33) telephone calls to Plaintiff's telephone line using artificial and or prerecorded voices to deliver messages without express consent of Plaintiff in violation of 47 U.S.C. §§ 227(b)(1)(B) of the TCPA.

41. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent from bona fide error, lawful right, legal defense, legal justification, or legal excuse.

42. As a result of the above violations of the TCPA, Defendant is liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages, and treble damages.

### COUNT IV – INVASION OF PRIVACY

43. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

44. Defendant's conduct, including but not limited to repeatedly attempting to collect a debt that Plaintiff does not owe, including being notified in writing to cease all communications, constitutes an invasion of privacy.

45. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendant is liable to compensate the Plaintiff for the full amount of actual, compensatory and punitive damages, as well as such other relief, permitted under the law.

## JURY TRIAL DEMAND

46. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

(a) Actual damages;

(b) Statutory damages;

(c) Treble Damages;

(d) Punitive damages;

(e) Costs and reasonable attorney's fees; and

(f) Such other and further relief as may be just and proper.

Respectfully Submitted,

**FRANCIS & MAILMAN, P.C**.

BY: */s/ Mark D. Mailman*
MARK D. MAILMAN, ESQUIRE
GREGORY J. GORSKI, ESQUIRE
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600

Attorneys for Plaintiff

DATE: September 7, 2010